UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

October 3, 2013

MEMO TO COUNSEL RE: Zerita Mitchell v. GP Strategies Corp., et al.
Civil No. JFM-13-1327

Dear Counsel:

Defendants have filed a partial motion to dismiss amended complaint. The motion will be granted.

The reasons for the granting of the motion may be briefly stated.

1. The claims for race discrimination and retaliation asserted in counts I and II against Mary Jane Stavish are not viable because the Fourth Circuit has made it clear that "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998).

2. Plaintiff's claims for negligence and negligent supervision/training are not viable because plaintiff has not alleged facts that would establish any duty owed by defendant to plaintiff. Moreover, the negligence and negligent supervision/training claims are, in effect, reiterations of plaintiff's Title VII claims and, as such, are not cognizable. *See Demby v. Preston Trucking Co.*, 961 F. Supp 873, 881-82 (D. Md. 1997); *Bishop v. Bd. of Educ. of Calvert Cnty.*, 2011 WL 2651246 (D. Md. July 5, 2011).

3. Plaintiff's claim for false light/invasion of privacy is not cognizable because plaintiff has not alleged that defendant communicated any facts about plaintiff to the public at large. *See Cambridge Title Co. v. Transamerica Title Ins. Co.*, 817 F. Supp. 1263, 1279 (D. Md. 1992).

4. Plaintiff's claim for defamation is barred by limitations. Plaintiff's filing an administrative complaint in connection with her Title VII claims does not toll the one-year statute of limitations. *See McNeal v. Montgomery Cnty.*, 307F. App'x 766, 771-72 (4th Cir. 2009).

A conference call will be held on   October 23, 2013  at  5:00  p.m. to discuss the appropriate schedule in this case. I ask counsel for plaintiff to initiate the call.

Enclosed is a tentative scheduling order with approximate dates for your information. Please consult with one another before the call and be prepared to discuss whether you would like to participate in a settlement conference either before or after the completion of discovery, any changes to the dates in the form scheduling order, and whether there is unanimous consent to proceed before a U.S. Magistrate Judge for all proceedings.

Also enclosed is a letter regarding a call-in hour program for the resolution of discovery disagreements.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge